# United States Court of Appeals
## For the First Circuit

No. 13-2249

UNITED STATES OF AMERICA,

Appellee,

v.

PEDRO DE LA CRUZ-GARCÍA, a/k/a Boquita, a/k/a Pedro Aquiles-
Cordones, a/k/a Pedro Aguiles-Cordones,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Kayatta, Circuit Judges.

Johnny Rivera-González for appellant.
John A. Mathews II, Assistant United States Attorney, with
whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, were on brief, for appellee.

November 16, 2016

**HOWARD**, **Chief Judge**.    Appellant Pedro De La Cruz-García pled guilty to illegally bringing aliens into the United States by boat in violation of 8 U.S.C. § 1324(a)(1)(A)(i).  The district court sentenced De La Cruz to thirty-eight months in prison based, in part, on a ten-level enhancement for the death of a passenger who jumped from the boat.  For the reasons discussed below, we affirm the sentence.

## I.

On February 28, 2013, De La Cruz and two fellow citizens of the Dominican Republic crowded twenty-six passengers from Haiti onto their makeshift twenty-five-foot vessel named the "Don Tino." The group set sail for United States soil via the Mona Passage. Ultimately, the journey proved unsuccessful.  Law enforcement agents observed the vessel approaching Mona Island, Puerto Rico, and reported the illegal migrant landing to the Department of Homeland Security.

Upon being discovered by law enforcement, several passengers jumped from the Don Tino in a last-ditch effort to reach shore.  The authorities apprehended all but one of the passengers. An unaccounted-for Haitian woman, however, remained in the water. After an unsuccessful rescue attempt, the missing passenger's body, later identified as Gedette Benjamin, was recovered off the coast of Mona Island.

Once in custody, De La Cruz agreed to speak with authorities and described his plan to illegally enter the United States. The ensuing investigation revealed that the three Dominican Republic nationals, including De La Cruz, were responsible for navigating and operating the Don Tino. De La Cruz agreed to assist with the journey in return for free passage.

De La Cruz ultimately entered into an agreement with the government and pled guilty to one count of bringing or attempting to bring an alien into the United States at a place other than a designated port of entry. See 8 U.S.C. § 1324(a)(1)(A)(i). The plea agreement expressly reserved De La Cruz's right to oppose the U.S.S.G. § 2L1.1(b)(7)(D) sentence enhancement, which applies "[i]f any person died" during the commission of the offense. Ultimately, the district court imposed the ten-level enhancement, resulting in a guideline range of forty-one to fifty-one months. The court varied below that range, sentencing De La Cruz to thirty-eight months in prison and a three-year term of supervised release.

On appeal, De La Cruz challenges only the ten-level enhancement pursuant to § 2L1.1(b)(7)(D).

## II.

We review the district court's fact-finding under the deferential "clear error" standard and its "resolution of legal

questions" de novo.  United States v. McCormick, 773 F.3d 357, 359 (1st Cir. 2014).

The parties disagree as to the appropriate causation standard under § 2L1.1(b)(7).  The government urges us to adopt but-for causation, while De La Cruz suggests a foreseeability requirement.[1]  We have not previously considered this issue, and other circuits have reached divergent results.  Compare United States v. Zaldivar, 615 F.3d 1346, 1350-51 (11th Cir. 2010) ("[I]t must be reasonably foreseeable to a defendant that his actions or the actions of any other member of the smuggling operation could create the sort of dangerous circumstances that would be likely to result in serious injury or death."), and United States v. Cardena-Garcia, 362 F.3d 663, 666 (10th Cir. 2004) (holding that "[a] sufficient nexus" exists where "the death . . . was reasonably foreseeable and Appellants' conduct was a contributing factor"), with Ramos, 763 F.3d at 401 (requiring only "actual or but-for causation").

Ultimately, we need not resolve this dispute.  Applying De La Cruz's preferred standard, the district court did not clearly

---

[1] De La Cruz does not argue that the appropriate standard is proximate causation.  See United States v. Ramos-Delgado, 763 F.3d 398, 401 (5th Cir. 2014) (noting circuit split on this issue). Accordingly, we decline to address whether proximate causation is the applicable standard or how, if at all, such a standard would differ from a requirement of reasonable foreseeability.

err in finding, by a preponderance of the evidence, that the passenger's death was a reasonably foreseeable result of De La Cruz's actions. In pleading guilty, De La Cruz admitted to using an unseaworthy and overcrowded vessel to transport passengers through dangerous waters. As the district court articulated, "many things can go wrong" in such a situation. For example, "[y]ou can sink . . . . You can all drown. You can be caught." We agree that, when De La Cruz set sail on an illegal alien smuggling operation, he could have reasonably foreseen the possibility that the vessel would be spotted by the authorities as it approached shore. He also could have foreseen the possibility that some passengers, desperate to avoid apprehension and reach United States soil, might leap into the sea. See Zaldivar, 615 F.3d at 1351 (finding it "reasonably foreseeable" that the defendant's co-conspirator would "fle[e] at a high rate of speed once th[e] boat had been detected by the Coast Guard"). Indeed, Ms. Benjamin was not the only passenger to have taken this risk, as eleven other people followed her into the water. Finally, in light of De La Cruz's concession that the rough sea conditions were foreseeable, it was hardly a stretch that passengers jumping overboard might drown. Ms. Benjamin's tragic death was reasonably foreseeable in these circumstances.

### III.

For the foregoing reasons, we **AFFIRM** De La Cruz's sentence.