NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE REFUGIO SALAZAR-REYES, | No. 19-71682 |
| Petitioner, | Agency No. A200-963-363 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020[**]

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Jose Refugio Salazar-Reyes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Salazar-Reyes does not challenge the agency's dispositive determination that his asylum application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Salazar-Reyes' asylum claim.

Substantial evidence supports the agency's determination that Salazar-Reyes failed to establish he suffered harm that rises to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, did not compel a finding of past persecution); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (discrimination and harassment did not rise to the level of persecution).

In addition, the agency did not err in finding that Salazar-Reyes did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d

1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group).

We do not consider Salazar-Reyes' contentions concerning the cognizability of his family-based social group or his fear of future persecution on account of his membership in that group because the BIA did not reach those issues, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Salazar-Reyes does not argue that was in error, *see Martinez-Serrano*, 94 F.3d at 1259-60.

Thus, Salazar-Reyes' withholding of removal claim fails.

Salazar-Reyes' request to remand proceedings for lack of jurisdiction is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from notice to appear can be cured for jurisdictional purposes by later hearing notice).

Finally, Salazar-Reyes' contention that the agency violated his due process rights or otherwise erred in its analysis of his case fails. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (requiring error to prevail on a due process claim).

As stated in the court's August 28, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

19-71682