**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO HUERTA-MALDONADO, AKA Armando Huerta, <br><br>            Petitioner, <br><br>     v. <br><br> WILLIAM P. BARR, Attorney General, <br><br>            Respondent. | No. 19-71296 <br><br> Agency No. A206-411-060 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Armando Huerta-Maldonado, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020).  We review factual findings for substantial evidence.  *Id*. at 1241.  We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Huerta-Maldonado applied for asylum within the one-year deadline or within a reasonable time of any changed or extraordinary circumstances as to excuse the untimely filing.  *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (record did not compel the conclusion that the petitioner showed changed circumstances to excuse the late asylum filing).  We lack jurisdiction to consider Huerta-Maldonado's contentions regarding lack of notice or the legislative intent of the one-year bar, because he failed to raise them before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

Thus, Huerta-Maldonado's asylum claim fails.

The BIA did not err in concluding that Huerta-Maldonado failed to establish membership in a cognizable social group of "young men who have been actively recruited by gangs and who have refused to join."  *See Reyes v. Lynch*, 842 F.3d

1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence also supports the determination that Huerta-Maldonado failed to establish a nexus between past or future harm and his membership in a particular social group of "family members of those who have actively opposed gangs in Mexico." *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Thus, Huerta-Maldonado's withholding of removal claim fails.

Substantial evidence supports the BIA's denial of CAT relief because Huerta-Maldonado failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

The record does not support Huerta-Maldonado's contentions that the BIA

19-71296

failed to consider evidence or otherwise erred in its analysis of his claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

We do not consider the materials Huerta-Maldonado references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

As stated in the Court's June 20, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**