**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVELIO GARCIA TORRES, | No.    16-70514 |
| Petitioner, | Agency No. A200-157-931 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Evelio Garcia Torres, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Garcia Torres failed to establish that the harm he experienced or fears was or would be on account of an actual or imputed political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1031-33 (9th Cir. 2014) (record did not compel the conclusion that the petitioner was persecuted on account of an imputed political opinion). We reject as unsupported by the record Garcia Torres's contention that the BIA failed to address his political opinion claim.

The BIA did not err in concluding that Garcia Torres did not establish membership in a cognizable particular social group.[1] *See Reyes v. Lynch*, 842 F.3d

---

[1] The IJ articulated one proposed particular social group as "Honduran youth who are targeted for recruitment into gangs and threatened to be killed for refusing to do so based on personal and moral grounds." No party contends the BIA's articulation of this proposed social group as "Hondurans fearful of gang influence" was error. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013)

1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction).

Substantial evidence supports the agency's denial of CAT relief because Garcia Torres failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Garcia-Milian*, 755 F.3d at 1033-35 (petitioner did not establish the necessary "state action" for CAT relief).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

(failure to contest issue in opening brief resulted in waiver). To the extent Garcia Torres raises, in his opening brief, contentions as to a new formulated anti-gang particular social group, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

16-70514