**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE NATHANIEL VASQUEZ-TEJADA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    19-73236 <br><br> Agency No. A208-302-081 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Jose Nathaniel Vasquez-Tejada, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny the petition for review.

Substantial evidence supports the agency's conclusion that the threats Vasquez-Tejada received did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("We have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment." (internal quotation marks omitted)).

Substantial evidence supports the agency's determination that Vasquez-Tejada failed to establish that his proposed particular social group of "Salvadorans who reported a serious gang related crime to law enforcement" is socially distinct within El Salvador. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group of persons who report the criminal activity of gangs to the police was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that Vasquez-Tejada did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d

19-73236

1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Thus, Vasquez-Tejada's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Vasquez-Tejada failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Vasquez-Tejada's contentions that the agency mischaracterized evidence, applied an incorrect standard of review, or otherwise failed to properly analyze his claims.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**